THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
    *v.* FRED R. BADGER, Appellant.

*Crimes — arson in second degree — judgment of conviction affirmed.*

*People* v. *Badger*, 217 App. Div. 424, affirmed.

(Argued October 11, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered August 16, 1926, which affirmed a judgment of the Franklin County Court convicting the defendant of the crime of arson in the second degree.

*W. A. Fullerton* for appellant.

*H. W. Main, District Attorney,* for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

AMOS PLOUFE et al., as Administrators of the Estate of JOSEPH PLOUFE, Deceased, Appellants, *v.* THE DELAWARE AND HUDSON COMPANY, Respondent.

*Negligence — railroads — passenger in automobile killed in collision at railroad crossing — question of negligence for jury.*

*Ploufe* v. *Delaware & Hudson Co.*, 215 App. Div. 739, appeal withdrawn.

(Argued October 11, 1926; decided November 16, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 14, 1925, which reversed a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and dismissing the complaint and granted a new trial in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Plaintiff was killed as the result of a collision between an automobile in which he was riding as a passenger and one of defendant's trains. The trial court dismissed the complaint on the ground that intestate was guilty of contributory negligence as matter of law.

The Appellate Division reversed and granted a new trial on the ground that questions as to negligence of deceased and of defendant were for the jury.

*Walter A. Fullerton* for appellants.

*N. P. Willis* for respondent.

Plaintiff allowed to withdraw appeal on payment of costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, Appellant, *v.* EBEN E. OLCOTT, Respondent.

*Negligence — master and servant — injury from lowering of gate on dock — liability as between lessee of dock who was general hirer of employees and owner of steamer permitted to land at dock at whose orders the gate was lowered by defendant's dockman.*

*Central R. R. Co.* v. *Olcott,* 216 App. Div. 791, affirmed.

(Submitted October 11, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 9, 1926, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury. The action was to recover a sum paid in settlement of a claim for personal injuries to a third person who was injured, while on a pier leased by defendant, by a gate lowered by a dockman in his general employ. It appeared that under an agreement between plaintiff and defendant, plaintiff was permitted to use defendant's dock to land and take passengers for its steamers and to use certain employees of defendant in connection therewith; that it had given orders that the gate should be promptly lowered when its steamer's whistle was blown and that compliance with the order caused the injury. The trial court dismissed the complaint on the ground that at the time of the accident the dockman was doing work in behalf of plaintiff.